### FOLKERT DOW v. HALEY AND HALEY.

To support an action upon a physician's bill, the plaintiff must prove that he has been duly licensed or has a diploma, (as prescribed by the act incorporating medical societies.)

This was a *certiorari* to the Somerset Pleas, bringing up a judgment of that court upon an appeal.

Argued before Justices HAINES and ELMER, by *I. N. Dilts*, for the plaintiff, and by *Schenck*, for defendants.

ELMER, J.    The present defendants, who were the plaintiffs in the justice's court and upon the appeal, sued the plaintiffs for a sum of money alleged to be due them for visits and medicines, made and prescribed as doctors of physic.

Upon the trial, one of the plaintiffs testified that he practiced medicine with his father, the other plaintiff, and attended Mr. Dow's family, in connection with his father, before and during the time of the bill.    No other evidence being produced that these plaintiffs, or either of them, were entitled to practice physic or surgery, in pursuance of the provisions of the act to incorporate medical societies, and the supplements thereto, *Nix. Dig.* 491,* it was insisted then, as it is now, that they were not entitled to recover.

For the defendant, it is insisted that proof of their having acted as physicians, was sufficient *prima facie* evidence that they were in fact duly authorized.    The case of *Moses v. Thornton*, 8 *T. R.* 307, is relied on, but it does not support this proposition.

Physicians do not occupy the position of attorneys, sheriffs, and other public officers, and are not enumerated among those whose character is shown by proof, that they have notoriously acted as such.    1 *Greenl. Ev.*, § 83.    It may be law, as is stated doubtfully, 3 *Stark. Ev.* 373, 1 *Saund. Pl. and Ev.* 357, that mere proof that he has acted as a physician will substantiate a general averment in a declaration

---

* By an act entitled "an act to reorganize the Medical Society of New Jersey," (*Rev., p.* 675,) the act (*Nix. Dig.* 491) was repealed.

for slander ; but if it be, no such rule can be safely applied to actions brought for services, in face of a statute expressly denying such an action, to any person who practices without a license. The object of the act regulating the practice of physic in this state is declared to be to prevent irregular pretenders from imposing on the ignorance and credulity of their fellow citizens. The 12th section of the original act imposes a penalty of twenty-five dollars on every unlicensed practitioner for every prescription, and expressly declares that he shall be for ever disqualified from collecting any debt incurred by such practice. It is a general rule, that in suits for a penalty or in a criminal prosecution, negative averments, peculiarly within the knowledge of the party, will be taken to be true, unless proved by that party ; and this rule has been properly applied to medical practitioners. *Apoth. Co.* v. *Beatty, Ryan & M.* 159 ; *Sheldon* v. *Clark,* 1 *Johns. R.* 513. In *Spaulding* v. *Alford,* 1 *Pick.* 33, it was held that to support an action by a physician, proof was necessary that he was duly licensed.

The principal reliance of the defendant's counsel seemed to be on the supplement, approved March 17th, 1854, *Nix. Dig.* 495.* This provides that it shall be lawful for all persons of good moral character, who have a diploma of a particular description, to practice physic and surgery, after depositing a copy of such diploma with the clerk of the county ; and until such copy shall be so deposited, those practitioners who shall neglect the same shall be liable to the penalty of the act to which it is a supplement. Inasmuch as the disqualification to sue, specified in the twelfth section of the original act, is here omitted, it is urged that it is repealed, and is no longer in force. I cannot concur in this conclusion. The thirteenth section of the original act requires a copy of the license to be deposited in like manner under the same penalty, omitting the disqualification ; and it is perhaps the true construction of that section and of the supplement that the omission to deposit the diploma incurs only the penalty, and does not prevent a suit, as seems to have been held in the case of *Finch* v. *Gregory's Ex'rs,* 25 *Wend.* 469.

* This supplement also repealed by the act, *Rev.,* p. 675.

But to entitle a practitioner to the benefits of the supplement, he must show himself to be such person as is therein described. Unless he is such person, he remains subject to the disqualification prescribed in the 12th section, as against all persons who shall practice, contrary to the provisions of the act of which it is a part.

I am therefore of opinion that the judgment of the Common Pleas must be reversed.

HAINES, J., concurred.

Judgment reversed.

CITED in *Vaughn* v. *Hankinson's Adm'r*, 6 *Vroom* 81.